GEORGE SHEARER v. COMM'RS OF DOUGLAS COUNTY.

1. PRIVATE PROPERTY—PUBLIC USE; *Compensation; Waiver.* The legislature, in providing for the taking of private property for public uses, may also prescribe the manner in which compensation therefor shall be made, and if such manner be free from any unreasonable requirements, may provide that a failure to seek compensation in that manner shall be deemed an absolute waiver of all claims therefor.

2. ———— Where on the day of the meeting of the viewers, in proceedings to lay out a public highway, the mother of the owner of one of the tracts through which the proposed highway runs was taken suddenly sick, and in consequence thereof such owner failed to attend the meeting of the viewers, or present any claim for damages, *held,* that such failure was a waiver of all claims for damages.

*Error from Douglas District Court.*

THIS action was an appeal by *Shearer* from a decision of the *Board of Commissioners of Douglas County,* refusing to allow him compensation for injuries sustained by the taking of his land for a public highway. The case was tried in the district court at the August Term 1873. On the trial it was admitted that the road had been legally laid out over plaintiff's land; that his claim for damages was presented to defendants before they acted on the report of the viewers; that no damages had been allowed plaintiff, and that his damages by reason of said road were $500. Other facts are stated in the opinion. Finding and judgment in favor of the defendants, and plaintiff brings the case here on error.

*Thacher & Stephens,* for plaintiff:

It is conceded that the power to take private property for public uses is confided to certain tribunals, and that the road in question was a public necessity. This was found through constitutional modes. It will also be conceded that the public cannot take private property without compensation; but it will be claimed, and it is not denied, that this claim for compensation must be made in the manner prescribed by law. Yet it will also be conceded that the law does not demand

10—13 KAS.

an impossible or unreasonable thing — and that where necessity interposes between a person and the assertion of his claim for compensation, he does not thereby lose his right, if he seeks the first opportunity to assert it.

The real question therefore which the record opens for settlement here is, whether any circumstances will waive the requirements of § 5, ch. 89, Gen. Stat., respecting the presentation by the owner of a written claim to the viewers for damages to his land by reason of the road. And · if so, whether those detailed in this case are sufficient. We suppose it will hardly be claimed that in case of clear, positive inability of a party without negligence to be present at the meeting of the viewers, though duly notified to be present, a total denial of all compensation for damages follows. Equity would always interfere against so unconscionable a result. But the case in question is in no way inferior to the one supposed. The duty of a son to a sick and dying mother presents full as strong an impossibility, at least it ought to, as personal disability. Had plaintiff left his sick mother under the circumstances unfolded in the record, he would have met and deserved the scorn and execration of all right-minded persons.

It will be observed that the county board, notwithstanding any report of the viewers, have full control of the question of damages. It is provided in § 7 of the road act, "All allowance for damages as provided in this act shall be subject to revision by said board of county commissioners." It provides further for an appeal from *their* "award of damages." Were it not for this right of appeal from their award to a court of record with a jury, the act would be unconstitutional. (*Lamb v. Lane*, 4 Ohio St., 167.) There is a recent decision in Ohio, *Rechner v. Warner*, 22 Ohio St., 271, which we think fairly, by its reasoning, disposes of this case.

*Barker & Summerfield*, for defendants:

The real question in this case is, had the plaintiff any standing before the county commissioners? We submit that

he had nothing to complain of there. The commissioners had nothing before them to act upon. The plaintiff has had his day in court. He had due notice that a part of his land would be appropriated for public purposes, and that the viewers would meet on a certain day to take into consideration his application for damages. He failed to appear, either in person, by agent or attorney; he did not send his application to the viewers, as he could have done in case he was prevented from presenting it in person; he has waived his right to compensation: "All applications for damages shall be barred unless they are presented as provided in this act." Gen. Stat., 899, § 5.

The plaintiff claims that he was prevented by an unavoidable casualty from presenting his claim in time. But the question of unavoidable casualty does not arise in this case. Was it necessary for plaintiff to wait until the last moment to present his claim to the viewers? The viewers were appointed on the 11th of July, and met on the 9th of August following. The plaintiff's mother was taken sick only on the day the viewers were to meet and did meet. He was not compelled to wait till the last day to prepare his application. He had nearly a month to do it in, and if he had prepared it in time, how easy it would have been for him to send it to the viewers by some one, even on the last day. He had nearly a month's notice of the appointment of the viewers, and of the time ordered for their meeting, though this notice may have been only constructive; but he had, as he admits, six days' actual notice, which the law (§ 4 of the road act) entitles him to, and he could have filed his written application in accordance with § 5, on any one of those six days. It is not a question of casualty, but of laches.

The opinion of the court was delivered by

BREWER, J.: This action in the district court was an appeal from the decision of the commissioners of Douglas county, refusing to grant to the plaintiff any damages on account of the laying out and opening of a road through his

farm. The facts are as follows: The proceedings were all regularly had. The plaintiff was a resident of the county, and was duly notified of the time and place of the meeting of the viewers as required by § 4 of the road act. An agreed statement of facts shows that—"On the morning of the day appointed, the plaintiff, who lived about five miles from where the viewers were to meet, prepared his claim for damages, had his horse saddled and at the door to carry him to the place of meeting of the viewers in time to have met the viewers and present his said claim, and intended so to do; that his mother, a resident of his family, was taken suddenly and dangerously ill with a congestive chill, which in a few days terminated in death; that plaintiff was called upon and stopped from meeting with said viewers to be with his mother in her illness, was with her at her bedside attending upon her, and that had it not been for his mother's illness, as stated, he would have presented his claim for damages to the said viewers, and said viewers would have allowed plaintiff his damages, and reported favorably on laying out said road; that plaintiff appeared before the defendants, before they had acted on the report of the said viewers, and presented his claim for damages in writing, and made known to them the above facts," etc. We have made this lengthy statement from the admitted statement of facts, that the case may be clearly presented. It is not questioned by counsel for plaintiff but that defendants were entitled to judgment unless the circumstances as detailed above were sufficient to waive the requirements of § 5 of the road act respecting the presentation by the owner to the viewers of a written claim for damages to his land by reason of the road. The section declares that "all applications for damages shall be barred unless they are presented as provided in this act." (Gen. Stat., 899, § 5.) The application was not presented as provided, and hence by the plain language of the statute was barred. No exception is named in the statute. No authority is given to the courts to declare one. And while it cannot be denied that the facts of this case present a strong appeal, show a case indeed which of

right there should be an exception, still we do not feel authorized to interpolate into the statute a proviso or exception which the legislature has seen fit to omit. The power to take private property for public uses, is clear. The power to name the tribunal to award compensation for the property taken, and to prescribe the manner in which claims therefor shall be made, is equally clear. And if the manner prescribed is free from any unreasonable requirements, it seems to us also clear that the legislature may provide that a failure to make the claim for compensation in such manner, shall be deemed an absolute waiver thereof, and that having made such provision the waiver is not in any given instance avoided by proof that the claimant failed to pursue the prescribed remedy in obedience to the dictates of friendship, or the obligations of filial or social duty. We do not think the case of *Rechner v. Warner*, 22 Ohio St., 271, conflicts with the views herein expressed. Regretting that our views of the law do not enable us to give to the plaintiff the relief he asks, we are constrained to order an affirmance of the judgment.

All the Justices concurring.